UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICU
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
|    VINCENT J. CARRANO | : | |
|        DEBTOR | : | CASE NO. 12-31159 LMW |
| | : | |
| 3N INTERNATIONAL, INC. | : | |
|        PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT J. CARRANO | : | |
|        DEFENDANT | : | FEBRUARY 7, 2013 |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

3N International, Inc., the Plaintiff herein, by Barbara H. Katz , its attorney, respectfully represents:

COUNT 1

1. 3N International, Inc. is in the business of importing and distributing industrial materials.

2. At all times relevant to this complaint the Defendant, Vincent J. Carrano, individually and/or d/b/a Carrano Transportation and Logistics, Inc. ("Carrano") possessed, operated and or/owned a warehouse located at 140 Commerce Street, East Haven, Connecticut.

3. At all times relevant to this complaint Carrano was a shareholder, agent, employee, officer and/or person in charge of V.J.C. Warehouse and Distribution, Inc., a Connecticut corporation which possessed, operated and or/owned a warehouse located at 140 Commerce Street, East Haven, Connecticut ("Warehouse").

4. At all times relevant to this complaint Carrano was a member, shareholder, agent, employee, officer and/or person in charge of VJC Logistics, LLC, a Connecticut limited liability company which possessed, operated and or/owned the Warehouse.

5. At all times relevant to this complaint Carrano was a member, shareholder, agent, employee, officer and/or person in charge of Carrano Transportation and Logistics, LLC, a Connecticut limited liability company which possessed, operated and or/owned the Warehouse.

6. At all times relevant to this complaint Carrano was a shareholder, agent, employee, officer and/or person in charge of Carrano Transportation and Logistics, Inc., a corporation or entity which possessed, operated and or/owned the Warehouse.

7. At all times relevant to this complaint the Plaintiff 3N International, Inc. was renting storage space from Carrano and/or V.J.C. Warehouse and Distribution, Inc., VJC Logistics, LLC, Carrano Transportation and Logistics, LLC and Carrano Transportation and Logistics, Inc. (jointly "VJC Entities") at the Warehouse at a storage charge rate of $81.95 per month.

8. On or about July 1, 2010 Carrano and/or the VJC Entities provided the Plaintiff with an invoice in the amount of $81.95 for storage charges for the month of July, 2010 at the Warehouse.

9. On or about July 6, 2010 the Plaintiff mailed to Carrano and/or the VJC Entities a check by mistake in the amount of $81,095.00 ("Check") instead of the correct storage charge amount of $81.95, which Carrano individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities cashed and/or deposited on July 12, 2010 into a bank account in for which Carrano had the right to sign checks and withdraw funds and thereafter appropriated and

converted the overpayment of $81,013.05 to the wrongful use of Carrano and/or the VJC entities.

10. Upon discovery of the error and mistake in the amount of the Check the Plaintiff demanded return of its money in the amount of $81,013.05 from Carrano and/or the VJC entities.

11. To date Carrano and/or the VJC entities have failed to return to the Plaintiff its money.

12. The actions of Carrano and/or the VJC entities as stated above constitute conversion of the Plaintiff's money in the amount of $81,013.05.

13. Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities is personally liable to the Plaintiff for damages as a result of said conversion.

14. As a direct result of the actions of Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities the Plaintiff was harmed and suffered monetary damages.

15. Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities stole the Plaintiff's money and despite demand have failed to return the same.

16. Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities through his conduct as stated above intended to deprive the Plaintiff of its money.

17. Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities has wrongfully taken, obtained and/or withheld the Plaintiff's money from it.

18. Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities has deprived the Plaintiff of its money and has appropriated it to his/their own use.

19. Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities, by his wrongful act in keeping the Plaintiff's overpayment, is personally liable to the Plaintiff for damages.

20. Pursuant to C.G.S. §52-564 Carrano is liable to the Plaintiff for treble damages.

COUNT 2

1- 19. Paragraphs 1-19 of Count 1 are repeated and restated as Paragraphs 1- 19 of Count 2.

20. At all times relevant to this complaint, Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities was in the trade and/or practice of renting and/or leasing warehouse storage space to commercial customers, including the Plaintiff.

21. Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities, by cashing a check for more than $81,000.00 over what was owed for a month's storage charge/rent and then appropriating and not returning the Plaintiff's overpayment of money constitutes an unfair or deceptive act or practice in the conduct of his trade or commerce.

22. Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities acted with reckless indifference to the rights of the Plaintiff or committed an intentional and wanton violation of those rights.

23. The Plaintiff has suffered an ascertainable loss of money as a direct result of the actions of Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities as stated above.

24. The actions of Carrano, individually and as member, shareholder, agent, employee, officer and/or person in charge of the VJC Entities as stated above are a violation of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110a et seq., and the Plaintiff is entitled punitive damages, reasonable attorney fees and costs.

COUNT 3

1 – 20. Paragraphs 1-20 of Count 1 are repeated and restated as Paragraphs 1-20 of Count 3.

21 – 25. Paragraphs 20-24 of Count 2 are repeated and restated as Paragraphs 21-25 of Count 3.

26. Carrano had complete control over the finances, policy and business practices of the VJC Entities relative to the decision and/or act of keeping the Plaintiff's overpayment of money so that the VJC Entities at the time of that decision and/or act of keeping the Plaintiff's money and no separate mind, will or existence of their own.

27. Carrano used his control to commit a wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of the Plaintiff's legal right to the return of its money.

28. The aforesaid control and breach of duty by Carrano was the proximate cause of the Plaintiff's unjust loss and damages.

29. As such the Plaintiff requests that this Court pierce the corporate veils of the VJC entities and hold Carrano individually responsible and liable for their actions as stated herein.

COUNT 4

1-29. Paragraphs 1-29 of Count 3 are repeated and restated as Paragraphs 1- 29 of Count 4.

30. The money taken by Carrano and the VJC Entities from the Plaintiff was obtained by false pretenses and actual fraud.

COUNT 5

1-29. Paragraphs 1-29 of Count 3 are repeated and restated as Paragraphs 1- 29 of Count 5.

30. The money taken by Carrano and the VJC Entities from the Plaintiff was obtained by embezzlement and/or larceny.

COUNT 6

1-29. Paragraphs 1-29 of Count 3 are repeated and restated as Paragraphs 1- 29 of Count 6.

30. As a result of said actions of Carrano and the VJC Entities the Plaintiff suffered a willful and malicious injury to itself and its property.

WHEREFORE 3N International, Inc. respectfully requests judgment against the Defendant as follows:

1. Pre-judgment Interest;

2. Treble Damages pursuant to C.G.S. §52-564;

3. Punitive Damages pursuant to C.G.S. §42-110g(a) et seq.;

4. Reasonable attorney fees and costs pursuant to C.G.S. §42-110g(d) et seq;

5. That said interest, treble damages, punitive damages, reasonable attorney fees and costs are not dischargeable pursuant to 11 U.S.C. §523(a)(2)(A);

6. That said interest, treble damages, punitive damages, reasonable attorney fees and costs are not dischargeable pursuant to 11 U.S.C. §523(a)(4);

7. That said interest, treble damages, punitive damages, reasonable attorney fees and costs are not dischargeable pursuant to 11 U.S.C. §523(a)(6).

Dated at New Haven, Connecticut this 7th day of February, 2013.

                            3N INTERNATIONAL, INC.
                            PLAINTIFF

By:    __/s/ *Barbara H. Katz*_____
       Barbara H. Katz, Its Attorney
       57 Trumbull Street
       New Haven, Connecticut 06510-1004
       (203) 772-4828
       Facsimile (203) 777-2791
       barbarakatz@snet.net
       ct06946